IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | |
|---|---|
| ERIC HOWARD, ADC #105324 | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | *   No. 1:12-cv-00061-SWW-JJV |
| WENDY KELLY, Deputy Director, | * |
| Arkansas Department of Correction; *et al.*, | * |
| | * |
| Defendants. | * |

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following partial recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, Eric Howard, a state inmate at the Grimes Unit of the Arkansas Department of Correction (ADC), filed this *pro se* action, alleging deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights. Pending before the Court is an Amended Complaint filed July 23, 2012. (Doc. No. 4). Having reviewed the Amended Complaint, the Court finds Defendants Wendy Kelly, Billy Cowell, and J. Horn should be dismissed for failure to state a claim.

## I.    SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing a *pro se* complaint under § 1915(e)(2)(B), the court must give the complaint the benefit of a liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The court must also weight all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Twombly*, 550 U.S. at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly,* 550 U.S. at 556-7.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Id*.

**II.     FACTS AND ANALYSIS**

Title 42 U.S.C. § 1983 was enacted to allow plaintiffs to enforce constitutional rights against defendants who have violated their rights while acting under color of state law.  *Griffin-El v. MCI Telecommunications Corp.*, 835 F. Supp. 1114, 1118 (E.D. Mo. 1993).  The law reads as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or

> usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983.

In his Amended Complaint, Plaintiff alleges that Defendants Gana and Ramsey improperly required him to work beyond his medical restrictions. This resulted in injury to his back and subjected him to cruel and unusual punishment.

Plaintiff also made claims against Defendants Horn, Cowell, and Kelly arising from their findings that the grievances he filed against Defendants Gana and Ramsey were without merit. Plaintiff alleges no sanction was imposed; rather, he states only that his grievance was found by Defendants to be without merit. He cannot plausibly claim that their actions caused any atypical or significant hardship. So he had no protected liberty interest in the outcome this administrative proceeding. *Persechini v. Callaway*, 651 F.3d 802, 806 (8th Cir. 2011); see also *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993) (per curiam) (prison grievance procedure does not give rise to protected liberty interest). Thus, the Court finds that Plaintiff's allegations against Defendants Horn, Cowell, and Kelly fail to state a claim upon which relief may be granted.

### III.   CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1. Defendants Horn, Cowell, and Kelly be DISMISSED from this cause for Plaintiff's failure to state a claim upon which relief may be granted.

DATED this 16th day of August, 2012.

                                                  JOE J. VOLPE
                                                  UNITED STATES MAGISTRATE JUDGE